UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
SHIVANA PERSAD,

        Plaintiff,

  -against-                               **ORDER REMANDING CASE TO STATE COURT**
                                                10-CV-05315 (RRM)(RML)

JP MORGAN CHASE & CO.; and
FAZEILA MAHEDO, Individually

        Defendants.
---------------------------------------------------X
**MAUSKOPF, United States District Judge.**

    Plaintiff filed this action in the Supreme Court of the State of New York, Queens County, on November 1, 2010. Defendant JP Morgan Chase & Co. ("JPMC") removed this action to this Court based on purported diversity jurisdiction. For the reasons set forth below, this case is REMANDED to the Supreme Court of the State of New York, Queens County.

## DISCUSSION

    "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). Thus, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999) (quotation marks and citation omitted). The party seeking removal bears the burden of proving that it has met the requirements for removal. *See Smith v. Kinkead*, No. 03 Civ. 10283, 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004). The removal statute

authorizes remand if the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994).

An action not based on federal question jurisdiction is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Thus, removal based upon diversity jurisdiction requires complete diversity – that all the defendants are citizens of different states than the plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). Diversity is generally ascertained at the time the lawsuit is commenced and at the time of removal. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298 (2d Cir. 1994).

According to the four corners of the Complaint, the Plaintiff's national origin is Trinidadian and she resides in the state of New York. Defendant JPMC's headquarters are located in New York. Defendant Mahedo is a citizen of New York.

The party invoking federal jurisdiction in a case based on diversity bears the burden of demonstrating that the requirements for jurisdiction have been adequately satisfied. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *Local 538, United Bhd. of Carpenters v. United States Fid. & Guar. Co.*, 154 F.3d 52, 54 (2d Cir. 1998). Defendant has, at this point, failed to demonstrate complete diversity.

First, Defendant has not offered adequate proof, or furnished this Court with a stipulation indicating JP Morgan Chase Bank, rather than JPMC, is the properly named Defendant. As such, complete diversity is defeated by the current posture of the case. Second, Defendant has

not stated any reason whatsoever supporting its oblique contention that Fazeila Mahedo, the other Defendant in this case, was improperly joined. As a New York resident, Mahedo's inclusion as a Defendant would likewise defeat complete diversity. Third, Defendant stated in its Notice of Removal that Plaintiff is a "citizen of Trinidad and Tobago" without properly admitting or denying her New York domicile and in contradiction of Plaintiff's Complaint, which states that her national origin is Trinidadian, not her citizenship. Thus, it is impossible for this Court to evaluate whether diversity jurisdiction will properly lie here. Defendant's Notice for Removal is premature and the case is REMANDED to state court.

## CONCLUSION

For the reasons stated above, the Clerk of Court is Ordered to REMAND this matter to the Supreme Court of the State of New York, Queens County, and close the file.

SO ORDERED.

/S/
ROSLYNN R. MAUSKOPF
United States District Judge

DATED: Brooklyn, New York
November 24, 2010